IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tyrone Roberson, #191327, ) | Civil Action No. 2:18-cv-1286-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending that Petitioner's petition for a writ of habeas corpus be dismissed. For the reasons set forth below, the Court **ADOPTS** the R & R and the petition is **DISMISSED WITHOUT PREJUDICE**, and a Certificate of Appealability is **DENIED**.

I.  **Background**[1]

In October 1992, Petitioner pleaded guilty in South Carolina state court to charges of murder, armed robbery and burglary in the second degree. Petitioner had assistance of legal counsel during the guilty plea negotiations, and was sentenced to life incarceration for the murder conviction, twenty-five years incarceration for the armed robbery conviction, and fifteen years incarceration for the burglary conviction. Petitioner did not appeal.

In August 1995, Petitioner filed an application for post-conviction relief on the basis of his legal counsel failing to explain the term "aggravating circumstances" and its impact to his guilty plea. The state court held a hearing and denied relief, and the South Carolina Supreme Court denied certiorari and dismissed the appeal. In 2001, Petitioner filed his first federal habeas

---

[1] The facts recited here and taken from the District Court's Order Adopting the Report and Recommendation from the Magistrate Judge on Petitioner's initial federal habeas petition, No. 8:01-cv-04090-FBH (Dkt. No. 14).

petition, asserting, "How can Petitioner guilty plea be considered valid when Petitioner didn't understand what actually constitute guilt for the criminal aggravating circumstances charged during October 23, 1992?" *Tyrone v. Warden, Evans Corr. Inst., et al.*, No. 8:01-cv-4090-FBH (Dkt. No. 14 at 2). The petition was dismissed on the merits, which the Court of Appeals affirmed. *See id.* (Dkt. No. 33). Petitioner then filed three more petitions, each of which were dismissed on the merits as unauthorized successive petitions. *See* No. 8:03-cv-0723-CMC (Dkt. No. 4); No. 8:06-cv-01247-CMC (Dkt. No. 8); No. 2:11-cv-1486-CMC (Dkt. No. 15). The Court now considers Petitioner's fifth federal habeas petition.

## II. <u>Legal Standard</u>

### A. **Review of R & R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. **Review of Petition for a Writ of Habeas Corpus**

Mr. Roberson filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A habeas petition is "successive" if a previously filed habeas petition was "adjudicated on the

merits." *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). In order to file a "successive" petition, the petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit.[2] *See, e.g.*, 28 U.S.C. § 2254(b)(3)(A) (mandating that "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); Rule 9 of Rules Governing § 2254 ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . ."); *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005) (noting that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). If the petitioner of a successive petition did not first obtain the necessary authorization, the District Court lacks jurisdiction to consider the merits of the petition and, as a result, must dismiss. *See, e.g., Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Smart v. Warden, Kershaw Corr'l Inst.*, No. 2:13-cv-2449-GRA-BHH, 2013 WL 6054475, at *3 (D.S.C. Nov. 15, 2013) (dismissing unauthorized successive petition for lack of jurisdiction).

C.  **Certificate of Appealability**

A certificate of Appealability will issue only on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the Court denies relief on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

---

[2] Authorization can be sought by serving a Motion for Authorization to File Successive Application Under 28 U.S.C. § 2244. The Motion is provided electronically by the Clerk's Office of the United States Court of Appeals for the Fourth Circuit, at http://www.mdd.uscourts.gov/sites/mdd/files/forms/2244Form.pdf.

### III. Discussion

Because Petitioner made no objections to the R & R, the Court reviews the R & R for clear error. Upon review of the record, the Court finds that the Magistrate Judge correctly identified Petitioner's petition as successive and unauthorized.

The instant petition is "successive" because Petitioner has filed three prior petitions that were considered on the merits and dismissed. First, in 2002 this District Court reviewed Petitioner's initial habeas petition on the merits and denied relief as both procedurally defaulted and substantively meritless. The court determined that Petitioner's guilty plea was given freely and voluntarily, and with an understanding of the consequences of the negotiated aggravating circumstances. Petitioner filed three subsequent habeas petitions, each dismissed as an unauthorized successive petition.

The Court also finds that Petitioner did not have required authorization to file this successive petition. The petition and exhibits provide no indication that Petitioner sought authorization: there is no reference to the Court's jurisdiction, the authority of the Fourth Circuit Court of Appeals, a "Motion for Authorization," or authorization generally.

Last, a Certificate of Appealability is not warranted here because reasonable jurists would not find it debatable that this Court lacks jurisdiction over Petitioner's clearly unauthorized successive petition.

### IV. Conclusion

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is **DENIED WITHOUT PREJUDICE** and a Certificate of Appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 14, 2018
Charleston, South Carolina